NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TIMOTHY JAMES HAUPERT, *Appellant*.

No. 1 CA-CR 19-0174
FILED 1-02-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-119275-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Chief Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1          Timothy James Haupert ("Haupert") appeals his conviction and sentence for second-degree burglary.  Haupert argues that the superior court committed fundamental, prejudicial error by failing to define for the jury the element of "theft" contained in the offense of second-degree burglary.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          On April 17, 2018, around 3:00 p.m., victim K.M. returned home from work.  The front door was open.  After she entered, she saw that the house was in a disturbed state that was much different from how she had left it that morning, and she soon found Haupert sleeping in her bed.  Neither K.M. nor her boyfriend, J.H., who also lived at the home, knew Haupert, and he did not otherwise have permission to be there.  Haupert had moved numerous items (including jewelry and medical marijuana) around the house.  He had eaten part of a rotisserie chicken.  Haupert had K.M.'s medical marijuana pipe in his pocket.  Following his arrest, Haupert initially told law enforcement that he thought the house belonged to a friend but then later stated he believed he was permitted to be there because the house was for sale.

¶3          The State charged Haupert with burglary in the second degree, a Class 3 felony, and possession of drug paraphernalia, a Class 6 felony.  Following a five-day trial, a jury convicted Haupert of the burglary charge but acquitted him of possession of drug paraphernalia.  Haupert admitted to seven prior felony convictions as the State had alleged.  The superior court sentenced Haupert to a term of ten years' imprisonment, and he timely appealed.

## DISCUSSION

¶4          Haupert's only argument is that the superior court's failure to define "theft," which is an element of second-degree burglary, resulted in fundamental error.  *See* Ariz. Rev. Stat. § 13-1507(A) ("A person commits

burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any *theft* or any felony therein." (emphasis added)). Haupert did not object to the final jury instructions and did not request an additional instruction to define "theft." We thus review the issue for fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018).

**¶5** The superior court correctly instructed the jury that Haupert committed second-degree burglary if he "entered or remained unlawfully in or on a residential structure . . . with the intent to commit any theft or felony therein." The superior court further provided the jury with definitions for "with intent to," "enter or remain unlawfully," and "residential structure." Our supreme court has held that a superior court's failure to define "theft," as it is used in a burglary instruction, is not fundamental error. *State v. Forde*, 233 Ariz. 543, 564-65, ¶ 82 (2014); *see also State v. Belyeu*, 164 Ariz. 586, 590 (App. 1990) (holding that because "theft is a common term which, when invoked as the basis for a burglary conviction, need not be defined [and] . . . [a] trial court's failure to define the elements of theft [does] not constitute fundamental error"). Therefore, Haupert's argument fails.

## CONCLUSION

**¶6** We affirm Haupert's conviction and sentence.

